IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLE KHOUCHABA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 C 5860 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| VENUS CONCEPT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a case about an electric shock the plaintiff charges he suffered while operating the defendant's laser hair removal machine. Fact discovery began nearly a year ago [Dkt. ##13, 14] and, after a thirty-day extension [Dkt. #23], closed on August 31, 2024. [Dkt. ##25, 27]. At the parties' request [Dkt. #28], Judge Seeger reopened discovery on September 13th for an additional six week, setting a new deadline of October 30th. [Dkt. #29]. That deadline, like the previous one, came and went, So, as the defendant points out [Dkt. #35, Pars. 4, 7, 8], discovery is, again, closed.

Nevertheless, on November 4th, the plaintiff filed a "Motion to Compel Deposition of Diego Leal and Joel Maiz." [Dkt. #30]. Diego Leal has been referred to as a "Venus Representative" – perhaps in the Rule 30(b)(6) sense or perhaps not, the parties are vague [Dkt. #28, at 1] –and as the service technician at the spa where plaintiff worked. [Dkt. #30, Par. 2]. He has already been deposed, but plaintiff wants to depose him again because the defendant failed to produce any of his service reports until after the deposition. The defendant appeared to agree to a second deposition for Mr. Leal during an email exchange [Dkt. #30-2, Page 5/13] and in a status report. [Dkt. #28, at 1]. Some other service reports produced on October 22nd identified another technician, Joel Maiz.

Plaintiff wants to depose him as well.

But, for now, plaintiff has put the proverbial cart before the horse. On November 6th, Judge Seeger entered this Order:

> The Court reviewed the motion to compel two depositions. (Dkt. No. 30 ) The Court hereby refers this case for discovery supervision *and all discovery motions*, including protective orders, to the designated Magistrate Judge. The parties must file any motion to extend the deadlines for fact or expert discovery before the District Court.

[Dkt. #31](Emphasis supplied). To date, the plaintiff has not sought to reopen discovery before Judge Seeger – or me. Yet, that would be essential to any reopening of discovery and that is what the plaintiff would need if she is allowed to take more depositions, as she wants to. Moreover, motions to compel like this one – filed after the close of fact discovery – are rarely entertained – and for very sound reasons. *See, e.g., Justise v. Zenith Logistics, Inc.*, 186 F. App'x 680, 683 (7th Cir. 2006)("... we cannot conclude that it was an abuse of discretion to deny [plaintiff's] motion to compel given its dilatory filing."); *Haynes v. Alliant Food Serv., Inc.*, 93 F. App'x 71, 7374 (7th Cir. 2004)("... rarely will we find an abuse of discretion [denying a motion to compel] when the motion to compel came after the close of discovery"); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001)("In light of ... lack of diligence in pursuing the perceived inadequacies in discovery, the district court did not abuse its discretion in denying [plaintiff's] motion to compel as untimely."); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)("The plaintiffs complain ... about the district court's denial of their discovery motion. The ... complaint has no possible merit. The motion was filed two months after the date set by the court for the completion of discovery."). If the plaintiff is serious about the motion to compel, there should be no further delay in bringing a motion to reopen discovery before Judge Seeger.

Discovery, it bears repeating, is closed and I have not been appointed by the district court to reopen it. If the plaintiff were able to persuade Judge Seeger to reopen discovery, I would be inclined to grant the motion as to Mr. Leal and Mr. Maiz. The defendant does not deny that it agreed to produce Diego Leal [Dkt. #35], and it and its lawyer should be held to that assurance. If we cannot rely on the assurances and promises of other lawyers in discovery, the whole system crumbles. If Judge Seeger agrees to reopen discovery, that deposition must take place within 21 days of his Order. While the technician, Joel Maiz, would seem to be of less importance to the case, if Judge Seeger decides to reopen discovery, I'm inclined to allow that deposition so long as if it takes place within 21 days of that Order.

In addition to Mr. Leal and Mr. Maiz, the plaintiff has apparently expressed a desire – although not in the motion – to depose a handful of other individuals who no longer work for the defendant. [Dkt. ##35, Par. 6]. We are given little or no information about these individuals. Apparently, however, one of them is last known to be living in Israel. The plaintiff does not suggest what information he might have [Dkt. #34, at 1-2], but claims to have been unable to locate him for over two months due to the war there. [Dkt. #34, at 1].

Discovery, even if reopened for a time, is not temporally unlimited. It has to be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). Proportionality, like other concepts, requires a common sense and experiential assessment. *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018). Indeed, Chief Justice

3

Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id.* The Chief Justice also stressed that "[t]he key here is careful and realistic assessment of actual need" that may "require the active involvement of ... the federal judge to guide decisions respecting the scope of discovery." *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 259 (3rd Cir. 2016).

      The financial stakes here, thus far, amount to medical expenses of $60,472.39. [Dkt. #34, at 2]. One supposes that additional damages – or ongoing medical expenses – will bring the number above the diversity jurisdiction threshold, but that does merit endless discovery into all matters that draw counsel's interest. As Judge Moran succinctly put it: "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055, at *2 (N.D. Ill. 1994). Consequently, if Judge Seeger reopens discovery, I would allow no additional discovery beyond the depositions of Mr. Leal and Mr. Maiz.

**ENTERED:** _____
                          UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/25/24